RUSSELL, Appellee,

v.

SMITH, Appellant.

[Cite as *Russell v. Smith* (1992), 81 Ohio App.3d 784.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP-115.

Decided July 16, 1992.

*DeLibera, Lyons, Moore & Colley* and *John A. Yaklevich*, for appellee.
*Abroms, Weisz, Everson & Zacks* and *J. Harris Leshner*, for appellant.

PEGGY BRYANT, Judge.

Defendant-appellant, Roy Smith, appeals from a judgment of the Franklin County Municipal Court granting judgment to plaintiff-appellee, Edward L. Russell, Jr., in the amount of $8,499.33, $7,113.33 of which is an award of attorney fees. Defendant's single assignment of error states:

"It was an abuse of discretion and contrary to law for the trial court to award attorney fees to the appellee absent statutory authority or a showing that the appellant's conduct constituted bad faith."

Plaintiff commenced an action against defendant in the Franklin County Municipal Court, seeking replevin of an automobile, a 1967 Mercury Comet.

Following trial, the trial court granted judgment in favor of defendant. Plaintiff appealed, contending that the judgment of the trial court was against the manifest weight of the evidence. On consideration of the record, this court determined that the trial court's findings of fact were insufficient, thereby precluding this court from determining critical issues in the case. Accordingly, we reversed the judgment of the trial court and remanded for further proceedings and an express finding of fact on those issues. *Russell v. Smith* (Oct. 18, 1990), Franklin App. No. 90AP-383, unreported, 1990 WL 157346.

On remand, and with the agreement of counsel, the court found it unnecessary to take additional evidence in all pertinent respects. In accordance with this court's remand, the trial court filed findings of fact and conclusions of law which indicate that defendant voluntarily relinquished possession of the automobile at issue to Lee Rider pursuant to an agreement between defendant and Rider involving an exchange of vehicles. The terms of the agreement were not performed to defendant's satisfaction; and, although defendant had relinquished title to Rider, defendant did not execute the transfer portion of the certificate of title. Rider ultimately sold the automobile to Ralph Roof, who sold it to Roger Stimpfle, who in turn sold the automobile to plaintiff.

Despite the foregoing, in June 1987, defendant confronted plaintiff at his place of employment and told him that the automobile had been stolen from defendant. On June 27, 1987, defendant made a report to the Proctorville, Ohio police department, asserting that the automobile at issue had been stolen from behind defendant's house in Proctorville. Defendant's purpose in making the "false" stolen vehicle report was to use that report to obtain the assistance of the Columbus police in recovering possession of the automobile from plaintiff; and, on June 30, 1987, defendant summoned officers of the Columbus Police Department to plaintiff's place of employment where, on the strength of defendant's "false" stolen vehicle report, the Columbus police impounded the automobile and eventually returned it to defendant.

Finding that defendant voluntarily relinquished possession of the automobile and the certificate of title to Rider, the trial court found defendant was estopped to assert title to the automobile in this action under *Hardware Mut. Cas. Co. v. Gall* (1968), 15 Ohio St.2d 261, 44 O.O.2d 448, 240 N.E.2d 502. The trial court awarded permanent possession of the automobile to plaintiff and ordered that defendant's duplicate certificate of title be canceled.

Further, citing R.C. 2737.14, the trial court determined that defendant was not an innocent person with respect to "his intentional, wrongful taking of the automobile from Plaintiff." As a result, the trial court awarded actual damages plus attorney fees, as well punitive and exemplary damages.

Defendant appeals therefrom, contending that the trial court erred in awarding attorney fees, as R.C. 2737.14 does not authorize an award of attorney fees, and that absent a statutory provision, a prevailing party is not entitled to attorney fees unless the opposing party acted in bad faith.

R.C. 2737.14 states:

"In an action to recover possession of personal property in which an order of possession has been issued, the final judgment shall award permanent possession of the property and any damages to the party obtaining the award to the extent the damages proximately resulted from the taking, withholding or detention of the property by the other, and the costs of the action. * * * "

"Generally, a prevailing party may not recover attorney fees as costs of litigation in the absence of statutory authority unless the breaching party has acted in bad faith, vexatiously, wantonly, obdurately or for oppressive reasons. * * * " *Gahanna v. Eastgate Properties, Inc.* (1988), 36 Ohio St.3d 65, 66, 521 N.E.2d 814, 816. However, if punitive damages are proper in a case, the aggrieved party may also recover reasonable attorney fees. *Columbus Finance, Inc. v. Howard* (1975), 42 Ohio St.2d 178, 183, 71 O.O.2d 174, 176, 327 N.E.2d 654, 658.

Arguably, R.C. 2737.14 does not authorize the recovery of attorney fees, as it does not explicitly mention such a recovery. Plaintiff urges an award of attorney fees is encompassed by the language of R.C. 2737.14 allowing the award of damages proximately resulting from taking, holding or detention of the property by the other. However, such language appears to codify the general rule of law allowing the recovery of damages proximately resulting from wrongful conduct; and, as the Supreme Court noted in *Gahanna*, the general rule of law does not generally allow the recovery of attorney fees.

We need not decide herein whether R.C. 2737.14 specifically provides for the recovery of attorney fees. In this action, the trial court awarded punitive damages, the propriety of which defendant does not challenge. Hence, under the rule articulated in *Columbus Finance*, an award of attorney fees is proper.

Moreover, the trial court's findings support an award of punitive damages. Specifically, the trial court found that although defendant filed a police report in 1985 indicating he had voluntarily relinquished his automobile to Rider, in 1987 defendant filed a false stolen vehicle report with the Proctorville Police Department in an attempt to use that report with the Columbus police to recover the automobile. Characterizing defendant's actions as intentional and wrongful, the trial court awarded punitive damages. Such findings support an award of punitive damages. Cf. *Sorin v. Bd. of*

*Edn.* (1976), 46 Ohio St.2d 177, 75 O.O.2d 224, 347 N.E.2d 527; *Buller v. Respicare, Inc.* (1987), 39 Ohio App.3d 17, 528 N.E.2d 1282.

Finally, defendant asserts that, even if the award of attorney fees was proper herein, the trial court failed to find that the amount of attorney fees was reasonable. Citing this court's opinion in *Wing Leasing, Inc. v. M & B Aviation, Inc.* (1988), 44 Ohio App.3d 178, 542 N.E.2d 671, defendant asserts that the trial court should consider the amount recovered by the successful party, the number of claims it successfully litigated in relation to the total number of claims asserted, and the relation between the successful and unsuccessful claims.

█ While defendant properly noted that the amount of attorney fees awarded herein exceeds the general compensatory damages awarded, we are unable to conclude that the trial court abused its discretion. As a result of defendant's wrongful and intentional taking of plaintiff's automobile, plaintiff was forced to initiate a lawsuit, appeal that action to this court, and return to the trial court for further proceedings in order to obtain that which was ultimately determined to be his. Moreover, plaintiff presented an exhibit delineating his attorney's time spent as well as an hourly rate; and defendant had the opportunity to contest that information at trial. The net result of the trial proceedings was plaintiff's recovery not only of the automobile at issue, which plaintiff valued at $3,000, but $1,386 in damages to the automobile, and $1,000 in punitive damages. In short, plaintiff was successful in virtually every aspect of his litigation. Given the foregoing, the trial court did not abuse its discretion either in awarding attorney fees, or in the amount awarded. Accordingly, we overrule defendant's single assignment of error and affirm the judgment of the trial court.

Plaintiff has also requested expenses and attorney fees pursuant to App.R. 23 for costs incurred in this appeal. Since defendant's appeal presents a reasonable question for review, his appeal is not frivolous; plaintiff's motion for expenses and attorney fees under App.R. 23 is denied.

*Judgment affirmed*
*and motion denied.*

JOHN C. YOUNG, P.J., and MCCORMAC, J., concur.