JOURNAL ENTRY and OPINION
Plaintiff-appellant Timothy D. Golden appeals from the decision of the trial court denying his motion for attorney fees. For the reasons below, we affirm.
On June 21, 1999, defendant-appellee the Bay Village Police Department confiscated fourteen handguns, shotguns, and rifles from Golden's home pursuant to a temporary protection order issued in connection with an allegation of domestic violence. On September 29, 1999, the domestic violence charge against Golden was dismissed; accordingly, the temporary protection order was dissolved.
On October 6, 1999, Golden went to the Bay Village police and demanded the return of his weapons. He was advised that he would need to obtain a directive from the chief of police for release of the weapons. Thus, on January 31, 2000, he wrote a letter to the chief requesting such a directive. On February 24, 2000, the chief advised him that he would need a court order for the release of the weapons and advised him to file a replevin action.
Golden did not take any further action. Then on May 22, 2000, the police department notified him that his weapons would be destroyed unless he secured a replevin order.
Golden commenced the replevin action on July 21, 2000. On October 19, 2000, a pretrial hearing was held and the police department agreed to an order returning the firearms to Golden. On October 19, 2000, a journal entry was signed by the magistrate which granted the replevin and ordered the parties to submit briefs on the issue of attorney fees.
On November 17, 2000, the trial court denied Golden's request for attorney fees. Golden appeals, raising the following assignment of error:
 I. THE TRIAL COURT ERRED IN DENYING PLAINTIFF-APPELLANT TIMOTHY GOLDEN'S REQUEST FOR AN AWARD OF ATTORNEY FEES SINCE DEFENDANT ACTED IN BAD FAITH IN FAILING TO RETURN PLAINTIFF-APPELLANT TIMOTHY GOLDEN'S PROPERTY TO HIM FOLLOWING THE DISMISSAL OF HIS UNDERLYING CRIMINAL CHARGES.
Golden argues that he is entitled to attorney fees because the police department required him to obtain a court order prior to releasing his weapons.
The Supreme Court of Ohio has held that as a general rule, a prevailing party may not recover attorney fees as costs of litigation in the absence of statutory authority unless the opposing party has acted in bad faith, vexatiously, wantonly, obdurately or for oppressive reasons. Gahanna v.Eastgate Properties, Inc. (1988), 36 Ohio St.3d 65, 66, 521 N.E.2d 814.
Here, Golden recovered his property by pursuing a replevin action against the police department. Although the replevin statute, R.C. 2737.14, does provide an award of damages if proximately caused by the detention of the property by another, "[a]rguably, [it] does not authorize the recovery of attorney fees, as it does not explicitly mention such a recovery." See Russell v. Smith (1992), 81 Ohio App.3d 784, 787 (finding in favor of attorney fees on other grounds, the Russell court did not decide whether R.C. 2737.14 specifically provides for the recovery of attorney fees.)
Thus, we review a trial court's decision regarding the grant or denial of a motion for attorney fees under an abuse of discretion standard. SeeSmith v. Padgett (1987), 32 Ohio St.3d 344, 349, 513 N.E.2d 737. An abuse of discretion implies an attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
In the instant matter, the trial court did not err in denying Golden's request for attorney fees in his replevin action. Pursuant to the temporary protection order, the police were not permitted to return Golden's property "until further court order." Thus, Golden was on notice that a court order was necessary to recover his property from the police. Accordingly, at all times, the onus was on Golden to seek the necessary court order for the release of his property.
The fact that the temporary protection order was dissolved is of no consequence. The police department confiscated the weapons pursuant to court order; thus, it was reasonable for the police not to return the property unless instructed to do so by the court.
When the temporary protection order was dissolved, Golden or his counsel could have immediately requested that the court release the confiscated weapons. Golden's failure to make such a request to the trial court in the domestic violence case does not amount to bad faith on the part of the police which would warrant the award of attorney fees.
Furthermore, the police department acted reasonably when it recommended that Golden pursue a replevin action to obtain his property. Because the criminal case had been dismissed months earlier, pursuing a replevin action was a reasonable alternative to recover the property.
The record does not support a finding that the police department was acting in bad faith when it failed to return Golden's property without a court order instructing it to do so.
Accordingly, we find that the court did not abuse its discretion in denying Golden's request for attorney fees because such fees were inappropriate in the case at bar. Thus, we affirm.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Rocky River Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J. and ANNE L. KILBANE, J. CONCUR