Turner, J.
 

 There is but one question raised by the record in this case, i.
 
 e.,
 
 did the trial court have the power to make an allowance of fees to plaintiff’s attorneys payable out of the fund recovered? The answer
 
 *512
 
 to this question will depend upon whether or not the instant case was a class suit, and if a class suit, was the action taken within the powers of a court of equity?
 

 Section 11257, General Code, provides: “When the question is one of common or general interest of many persons, or the parties are very numerous, and [it] is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all.”
 

 In the case of
 
 Haggerty
 
 v.
 
 Squire, Supt. of Banks,
 
 137 Ohio St., 207, 28 N. E. (2d), 554, this court held: “Where a number of persons have separate and individual claims and rights of action against the same party, but all such claims arise from a common source and represent a like interest, the whole matter may be litigated in a single action brought by all of the claimants as co-plaintiffs, or, in case the parties are numerous making it impracticable to bring them all before the court, by one or more of them suing for himself or themselves and on behalf of the other claimants.”
 

 The original petition stated an equitable cause and was properly brought as a class suit under or independent of the foregoing statute.
 

 The fundamental error of appellant’s position and argument rests in his claim that his legal right of action has been- transformed into an equitable cause. That is not true. By an equitable cause his legal right of action as a stockholder has been transformed into a legal right of action as a creditor. As a stockholder in Miami appellant had a legal right to a proportionate participation in whatever assets might remain after all creditors had been satisfied. Appellant noAv has a right of action at law as a creditor. This right has not been extinguished. What appellant overlooks is that before his status as a stockholder was changed to that of a creditor, a decree in a chancery case was necessary. The step which changed appellant from a stockholder to a creditor was the case brought
 
 *513
 
 by plaintiff below on behalf of himself and all others similarly situated.
 

 Appellant in his brief sets up four claimed'“issues.” In the first of these, he contends in substance that where persons have similar claims or causes of action, the several owners of the claims may object to their inclusion in a class suit. In this contention, appellant apparently is assuming that his right to participate as a creditor was established independently of the instant case. The record shows that this is not true. On the other hand, if it be appellant’s contention that his premise applied equally to a proper class suit, then his contention is quickly answered by pointing out that the record discloses that no claimant objected in any manner to the representation of his claim in the instant action until an application was made, after more than four years of litigation, for the allowance of fees.
 

 The substance of appellant’s second “issue” is that in a representative or class suit there is but one plaintiff, in this case Smith, and unless there was a fund recovered out of which an allowance of fees might be made, the attorney for plaintiff would have to look to plaintiff only for any fees. As we decide that there was a fund recovered in this action, this “issue” is moot and need not be discussed.
 

 In appellant’s third “issue” it is claimed that no fund was “created, established, recovered, protected, or preserved.” Until the final decree in this case, appellant and all others similarly situated were stockholders in Miami. The instant case changed their status of stockholders to that of creditors. The record shows that creditors are being paid in full with interest. The rights of these erstwhile stockholders to participate in the fund from which creditors were to be paid shows that for them a fund was created, established, recovered, protected and preserved.
 

 As the fourth “issue,” appellant asks: “If a fund is recovered or preserved, must the attorney fees be
 
 *514
 
 taxed against the fund or may they be taxed directly against the claimants and taken out of their respective interests?” Asserting that the fees must be taxed against the fund only, appellant then contends that he has been deprived of his property without due process of law.
 

 The fund out of which the trial court decreed that these claimants should be paid was dedicated to more purposes than the payment of the claims here under consideration. These claimants were not entitled to preference over the others who had a right to participate in the general creditors’ fund. Therefore, it would have been inequitable either to segregate a part of the entire fund for the payment of these claims or to make the entire fund bear the expense of establishing the right of these particular claimants to participate in the fund. The trial court properly met the situation with a practical solution by allowing these claimants to participate proportionately and by deducting from the amount to be paid each claimant such claimant’s proportionate part of the expense of creating or establishing the fund out of which they could be paid.
 

 Furthermore, the trial court actually did meet the technical objection raised by plaintiff in respect of the payment out of the fund when it provided in its journal entry that a certificate for the aggregate amount of the allowance should be issued forthwith by Miami to the attorneys. Technically, this left the amount in the fund for creditors applicable to the claims here in question 85 per cent of the amounts of their respective claims and ordered paid to these claimants all of the fund recovered except that part allowed to the attorneys as fees.
 

 The power of an Ohio court exercising equitable jurisdiction to allow attorney fees is properly stated in the following language of 10 Ohio Jurisprudence, 369, Section 258: “The general rule is that a court of
 
 *515
 
 equity, or a court in the exercise of equitable jurisdiction, will in its discretion order an allowance of counsel fees, or, as it is sometimes said, allow costs as between solicitor and client, and sometimes directly to the attorney, who, at his own expense, has maintained a successful suit for the preservation, protection, and increase of a common fund or common property, or who has created at his own expense, or brought into court a fund in which others may share with him.”
 

 In the case of
 
 Mason
 
 v.
 
 Alexander,
 
 44 Ohio St., 318, 7 N. E., 435, Judge Spear said, at page 337: “As to the allowance of attorney’s fees: It is urged that there was no power in the court to make any allowance at all. The proceeding was in equity. Its purpose was to bring into court a fund for distribution among creditors. Quoting from the brief of counsel for plaintiff in error: ‘The action is for the equal benefit of all the creditors. No one creditor can ever obtain any advantage or preference over the remaining creditors. All are to share in the fund recovered from the stockholders
 
 pro rata.’
 
 The labor of the plaintiff’s counsel being, therefore, for the equal benefit of all the creditors, why should the whole expense of attorney’s fees be borne by the plaintiff? Should the other creditors, sitting by and observing counsel do work which inured as much to their benefit as to that of plaintiff, be heard to say that in good faith and fairness they should not contribute to a reasonable recompense? Indeed, there is much reason for the claim that the circumstances raise a presumption of a promise to pay- on their part.”
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Williams, Matthias and Hart, JJ., concur.
 

 Bettman, J., not participating.