**SUTHERLAND, Appellant,**

v.

**NATIONWIDE GENERAL INSURANCE COMPANY, Appellee.**

[Cite as *Sutherland v. Nationwide Gen. Ins. Co.* (1995), 102 Ohio App.3d 297.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APE09–1282.

Decided March 30, 1995.

298

*Tyack & Kessler* and *David S. Kessler,* for appellant.

*Bricker & Eckler* and *Donald R. Keller,* for appellee.

CLOSE, Judge.

This cause is before the court on appeal from a judgment entry of the Franklin County Court of Common Pleas dismissing a posttrial motion for attorney fees. Plaintiff-appellant, Vernell M. Sutherland, raises the following single assignment of error:

"The trial court erred in finding as a matter of law that Ohio Revised Code § 4112.99 does not authorize an award of attorney fees to appellant."

The relevant facts are as follows. Appellant brought suit against defendant-appellee, Nationwide General Insurance Company, alleging breach of an express oral employment contract, breach of an implied employment contract, promissory estoppel, constructive discharge, and sex discrimination under R.C. 4112.02(A) and 4112.99. The jury returned a verdict in appellant's favor on all counts and awarded her $71,897 for damages due to sex discrimination, $14,388 for damages due to constructive discharge and, as germane here, $300,000 in punitive damages upon determining that appellee had acted with actual malice towards appellant. Appellee appealed the judgment granting those awards and this court affirmed it

in *Sutherland v. Nationwide Gen. Ins. Co.* (1994), 96 Ohio App.3d 793, 645 N.E.2d 1338.

Shortly after the verdict was rendered, appellant filed a motion requesting an award for attorney fees, pursuant to R.C. 4112.99, for the successful prosecution of her sex discrimination claim. The trial court overruled appellant's motion upon concluding that the American rule barred recovery of attorney fees. Appellant now appeals that denial.

■ The issue of whether attorney fees are available under R.C. 4112.99 is one of first impression. Pursuant to the general "American rule," the prevailing party cannot recover attorney fees as part of the cost of litigation in the absence of statutory authorization. *Sorin v. Warrensville Hts. School Dist. Bd. of Edn.* (1976), 46 Ohio St.2d 177, 179, 75 O.O.2d 224, 225, 347 N.E.2d 527, 528–529. The rationale behind this rule is that the subject of costs is one entirely of statutory allowance and control. *Id.* As is typical with any general rule, however, there are exceptions. Appellant argues that the American rule does not bar an award of attorney fees and that, in any event, exceptions apply.

At the outset, we note that R.C. 4112.99 was enacted to create a private right of action for those wrongfully subjected to discrimination in the workplace. *Cosgrove v. Williamsburg of Cincinnati Mgt. Co.* (1994), 70 Ohio St.3d 281, 285, 638 N.E.2d 991, 994. Appellant claims the trial court erroneously restricted the broad relief available under R.C. 4112.99, which provides that:

"Whoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief."

It is appellant's contention that the language, "any other appropriate relief," includes attorney fee awards. As additional support, appellant asserts that both Ohio case law and R.C. 4112.08 require this court to construe R.C. 4112.99 liberally in order to promote the statute's objective in eliminating discrimination and in order to protect those to whom it is addressed. *Elek v. Huntington Natl. Bank* (1991), 60 Ohio St.3d 135, 137, 573 N.E.2d 1056, 1058; *Cosgrove; Helmick v. Cincinnati Word Processing, Inc.* (1989), 45 Ohio St.3d 131, 543 N.E.2d 1212.

In light of the Ohio Supreme Court's decision in *Sorin*, however, we will not read into the statute any authorization for attorney fee awards under R.C. 4112.99. The Ohio Supreme Court in *Sorin* rejected the argument that broad remedial language within the statute impliedly permits a court to exercise its equitable powers in awarding attorney fees. The court instead chose to defer to the General Assembly on the matter of statutory authorization for the recovery of attorney fees. In so holding, the court also rejected the argument that public policy would be subverted if recovery of attorney fees were not permitted. In like manner, this court also defers to the General Assembly.

In *Hoops v. United Tel. Co. of Ohio* (1990), 50 Ohio St.3d 97, 101, 553 N.E.2d 252, 256–257, the Ohio Supreme Court held that the "General Assembly is presumed to have known that its designation of a remedy would be construed to exclude other remedies, consistent with the statutory construction maxim of *expressio unius est exclusio alterius.*" (The above Latin phrase roughly means "the mention of one implies the exclusion of another.") It is also presumed that, if the General Assembly had intended to confer the right to specific damages, it could have expressly provided them. *Id.*

In fact, the General Assembly is certainly aware of the method, means and procedure for legislating attorney fee shifting. This is evident from the numerous provisions within R.C. Title 41, which expressly authorizes recovery of attorney fees. These provisions include: R.C. 4111.10(A), minimum wage violations; R.C. 4111.17(D), wage discrimination; R.C. 4112.021(D), credit transaction discrimination; R.C. 4112.05(G), Ohio Civil Rights Commission determination of housing discrimination; R.C. 4113.52(E), retaliatory conduct; R.C. 4115.10(A) and 4115.16(D), prevailing wage violations; R.C. 4123.90, discrimination by state commissions; and R.C. 4123.99(E), workers' compensation violations.

As R.C. 4112.99 does not, on its face, contain provisions entitling the prevailing party to an award of attorney fees, recovery of attorney fees is barred unless appellant's claim falls within one of the exceptions. Appellant advances several potential exceptions to the American rule, one of which has not been adopted in Ohio and, further, has been expressly rejected by the United States Supreme Court.

Appellant claims exception under the alleged "private attorney general" doctrine because she constructively acted as a private attorney general by helping to end discrimination. As the trial court properly noted, however, there is no precedence supporting the application of this doctrine as an exception to the American rule. As noted in *Mangeont v. Ciraco* (May 27, 1981), Summit App. No. 10021, unreported, 1981 WL 3990, the private attorney general doctrine has been enunciated only in the lower federal courts and has been expressly rejected in *Alyeska Pipeline Serv. Co. v. Wilderness Soc.* (1975), 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141.

Although the common fund doctrine has been accepted in Ohio as an exception to the American rule—see *Smith v. Kroeger* (1941), 138 Ohio St. 508, 21 O.O. 386, 37 N.E.2d 45, shareholder action; *Rocca v. Wilke* (1977), 53 Ohio App.2d 8, 7 O.O.3d 12, 371 N.E.2d 223, taxpayer class action for refund; *In re Estate of Zonas* (1989), 42 Ohio St.3d 8, 536 N.E.2d 642, action by beneficiaries of an estate—it has no application here. The common fund doctrine applies as an exception to the American rule where litigation has produced or preserved a "common fund" for the benefit of a group. *Kroeger* at 514–515, 21 O.O. at 388–

389, 37 N.E.2d at 48. Reimbursement for attorney fees are made from the fund itself. *Id.; Akron–Canton Chapter, Am. Subcontractors Assn. v. Dept. of Adm. Serv.* (1984), 21 Ohio App.3d 6, 9, 21 OBR 7, 9, 486 N.E.2d 116, 118–119. As there is no fund that was created, preserved, or increased for the benefit of others, the common fund exception is not available here. *Akron–Canton Chapter; Lebanon Trotting Assn. v. Battista* (Mar. 29, 1978), Warren App. No. 167, unreported.

Appellant asks that we extend this doctrine to create an exception for the "common benefit" she arguably created. Although appellant's litigation may very well benefit others through the precedence it creates, Ohio courts have held fast to the "American rule" proscribing an award of attorney fees in the absence of statutory authorization. This argument was also raised and rejected in *Lebanon Trotting Assn.* See, also, *State ex rel. Grosser v. Boy* (1976), 46 Ohio St.2d 184, 75 O.O.2d 228, 347 N.E.2d 539, and *Akron–Canton Chapter,* at 9, 21 OBR at 9, 486 N.E.2d at 118–119, wherein public benefit was not sufficient to justify an award of attorney fees in the absence of statutory authorization.

Ohio has allowed an award of attorney fees where the opposing party has acted in bad faith, vexatiously, wantonly, obdurately, or for oppressive reasons. *Sorin; Russell v. Smith* (1992), 81 Ohio App.3d 784, 787, 612 N.E.2d 393, 394. More particularly relevant here, however, is the exception provided where punitive damages are warranted. Ohio law has long permitted recovery of attorney fees, even in the absence of statutory authorization, where punitive damages are proper. *Roberts v. Mason* (1859), 10 Ohio St. 277; *Columbus Finance v. Howard* (1975), 42 Ohio St.2d 178, 183, 71 O.O.2d 174, 176, 327 N.E.2d 654, 658; *Villella v. Waikem Motors, Inc.* (1989), 45 Ohio St.3d 36, 41, 543 N.E.2d 464, 469–470; *Digital & Analog Design Corp. v. N. Supply Co.* (1992), 63 Ohio St.3d 657, 664, 590 N.E.2d 737, 743; *Zoppo v. Homestead Ins. Co.* (1994), 71 Ohio St.3d 552, 558, 644 N.E.2d 397, 402; *Russell.* The jury, in fact, awarded appellant punitive damages upon determining that appellee's conduct amounted to actual malice. Accordingly, appellant was not prohibited from seeking attorney fees as part of the punitive damage award.

Unfortunately, appellant's request was untimely. Pursuant to *Digital* and *Zoppo,* the issue of whether appellant is entitled to an award for attorney fees as an element of punitive damages should have been presented to the jury. Appellant failed to request an instruction on entitlement to attorney fees and failed to otherwise argue the issue. Thus, the issue was waived.

For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

TYACK and DESHLER, JJ., concur.