**LAITURI, Appellant, et al.**

v.

**NERO et al., Appellees.**

[Cite as *Laituri v. Nero* (1999), 131 Ohio App.3d 797.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

Nos. 97–L–083 and 97–L–155.

Decided Jan. 4, 1999.

798

*Newman, Leary & Brice* and *Paul A. Newman,* for appellant.

*Mark Skakun,* for appellees.

FORD, Presiding Judge.

This is an appeal from the Lake County Court of Common Pleas. Appellant, John Laituri, appeals from a judgment entry granting the motion for summary judgment of appellees, Lester N. Nero, David Miller, and Joseph Gurley, and overruling appellant's motion for attorney fees.

Appellant filed a taxpayer action under R.C. 5705.45 on July 29, 1994, on behalf of the city of Painesville, alleging that appellees had improperly invested city funds, which resulted in a loss to the city of $7 million. Appellees, each of whom was a city official, were named as defendants. Nero was city manager, Miller was director of finance, and Gurley was the law director. Appellant alleged that these three officers constituted the City Treasury Investment Board. Pursuant

to Painesville Ordinance 137.09, the director of finance must meet and consult with the board prior to investing any interim funds of the city.

Appellant averred that the board approved an investment in securities that possessed a maturity date of more than two years, in violation of R.C. 135.14. Appellant further claimed that Miller, with the approval of Nero and Gurley, invested in Federal National Mortgage Association Securities in violation of Painesville Ordinance 137.17. Finally, appellant alleged that appellees placed the investments through Newbridge Securities, Inc., which was not an approved securities dealer under Painesville Ordinance 137.16.

Appellees filed an answer, and then filed a motion to stay proceedings because the city had filed a claim in federal court against the securities brokers, asserting that the city's purchases of the relevant securities were fraudulently induced. Further, appellees averred that the Securities and Exchange Commission had filed a complaint against the brokers in the Federal District Court for the Northern District of Ohio. Despite appellant's opposition to the motion, the trial court stayed proceedings until August 7, 1995, and ultimately renewed the stay, which remained in effect until June 8, 1996.

The trial court held a status conference on June 3, 1996, set the case for pretrial on October 25, 1996, and scheduled trial for December 2, 1996. Upon receiving leave, appellees jointly filed an amended answer on July 9, 1996. On October 11, 1996, appellant filed a motion for leave to add the National Union Fire Insurance Company of Pittsburgh, Pennsylvania, as a defendant, on the basis that "[s]aid insurance company is providing the defense to [appellees]; however, they have denied coverage for any and all incidents related to this matter." The trial court overruled the motion.

On October 15, 1996, appellees moved for summary judgment. Nero and Gurley filed consolidated motions, while Miller filed a separate motion. Miller attached his own affidavit in support of his motion that averred that he had properly consulted with Nero and Gurley before purchasing the securities at issue. He also stated that he had properly added Newbridge Securities to the list of financial institutions through which the city could purchase securities. Miller alleged that each of these facts entitled him to summary judgment. Miller also asserted that R.C. 5705.45 does not apply to investments and, therefore, appellant could not bring a taxpayer action under that statute in the present case.

Nero and Gurley also filed their own affidavits in support of their joint motion for summary judgment. They advanced two arguments in support of their motion. First, they claimed that they satisfied their duties under Painesville Ordinance 137.09 by properly consulting with Miller with respect to the securities purchase. Second, like Miller, they asserted that R.C. 5705.45 applies only to a

wrongful expenditure under a contract, order, or similar obligation, and thus, the statute does not apply to investments.

On October 25, 1996, appellant filed his brief in opposition to appellees' motions for summary judgment and filed his own motion for summary judgment. In a judgment entry filed on December 11, 1996, the trial court overruled all motions for summary judgment and set trial for February 24, 1997, which was ultimately rescheduled for April 21, 1997.

On March 17, 1997, all appellees jointly filed another motion for summary judgment. In this motion, appellees alleged that the trial court granted leave to file the motion "from the bench on January 21, 1997." The sole basis for the motion was that the city "has recently entered into a settlement agreement with each of the [appellees] and the insurance carrier and, as part of that settlement agreement, has released all claims advanced in this litigation against the three [appellees]." Appellees attached copies of the releases regarding each of the appellees that included the notarized signature of the director of finance. The releases were not incorporated in a properly framed affidavit. On March 20, 1997, appellees filed the original releases. Finally, on March 31, 1997, appellees filed substituted releases that included the notarized signature of the acting city manager.

Appellant filed a motion for extension of time to respond to appellees' motion for summary judgment on April 2, 1997. The trial court granted appellees' motion for summary judgment on April 9, 1997, and later filed a *nunc pro tunc* judgment entry, which charged costs to appellees. On May 8, 1997, appellant filed both a notice of appeal from the entry of summary judgment and a motion for attorney fees. The trial court overruled that motion in a judgment entry filed on July 3, 1997, and appellant filed a notice of appeal from that judgment entry on July 10, 1997.[1] Appellant now asserts the following assignments of error:

1. "The trial court erred, procedurally, to the prejudice of [appellant] in granting all three [appellees'] motion for summary judgment.

2. "The trial court erred, substantively, to the prejudice of the [appellant] in granting all three [appellees'] motion for summary judgment.

3. "The trial court erred to the prejudice of [appellant] when it overruled the [appellant's] motion for attorney fees.

4. "The trial court erred in considering [appellees'] brief in opposition to the motion for attorney fees."[2]

---

1. Upon appellant's motion, this court consolidated the appeals.

2. The first two assignments of error are argued in Lake App. No. 97–L–083, and the third and fourth assignments of error are argued in Lake App. No. 97–L–155.

■ In the first assignment of error, appellant advances four procedural challenges to the trial court's granting of summary judgment. Because we conclude that the second issue is dispositive of the analysis under this assignment of error, we will address that argument first. Appellant asserts that the trial court committed prejudicial error by failing to set a hearing date or a date on which appellant's response to appellees' second motion for summary judgment was due. Civ.R. 56(C) states, in part, that a motion for summary judgment "shall be served at least fourteen days before *the time fixed for hearing.*" (Emphasis added.) Thus, in our view, Civ.R. 56(C) implicitly requires setting a hearing date, either oral or nonoral, after which the trial court may rule on the motion for summary judgment.

However, Loc.R. III(D)(6) of the Court of Common Pleas of Lake County, General Division, states:

"All motions, including motions for summary judgment, may be considered upon the motion papers alone twenty (20) days after the filing of same and without oral argument. Oral argument may be permitted upon application and proper showing."

Thus, it appears that this local rule permits a trial court to grant a motion for summary judgment twenty days after the motion is filed, and neither requires the court to set a hearing date nor requires that the nonmoving party receive fourteen days' notice of when the court might rule on the motion. It merely states that a party must expect a court to rule on a motion for summary judgment at any time after twenty days has passed.

■ It is axiomatic that a local rule is enforceable only to the extent that it is consistent with the Civil Rules. *Vance v. Roedersheimer* (1992), 64 Ohio St.3d 552, 554, 597 N.E.2d 153, 155. See Section 5(B), Article IV of the Ohio Constitution; Civ.R. 83; Sup.R. 5(A)(1). Therefore, to the extent that Loc.R. III(D)(6) of the Court of Common Pleas of Lake County, General Division, permits granting a motion of summary judgment without providing the parties with fourteen days' notice of a hearing date, it is unenforceable.

This approach is followed by the Tenth District Court of Appeals, which has held that "actual notice in writing of the day fixed for the hearing [on a motion for summary judgment], whether oral or non-oral, must be given to the non-moving party at least fourteen days prior to the day fixed for the hearing *and no local rule can dispense with this requirement.*" (Emphasis added.) *Wise v. Ohio Dept. of Rehab. & Corr.* (1992), 84 Ohio App.3d 11, 15, 616 N.E.2d 251, 254.[3]

---

3. Although this court has previously criticized other portions of the *Wise* analysis, we wholeheartedly agrees with this portion of its holding. See *Tesco Real Estate, Inc. v. K–Y*

Additionally, the Fourth District Court of Appeals has held that Civ.R. 56 mandates that "notice of a date on or after which the motion will be considered be given." *Gen. Motors Acceptance Corp. v. Stratton* (June 28, 1989), Highland App. No. 694, unreported, at 4, 1989 WL 74871. Accordingly, appellant was entitled to written notice stating the date on which his response to appellees' second motion for summary judgment was due. To the extent that the local rule contradicts this requirement, it is unenforceable.

Furthermore, under the facts of this case, the granting of notice of the hearing date on the summary judgment motion was crucial because the trial court never set forth a judgment entry granting appellant's motion for leave to file a motion for summary judgment. Thus, appellee did not have notice that the court was considering the merits of the motion.

We recognize that there is authority indicating that a trial court may grant leave to file a motion for summary judgment by ruling on the merits of the motion. *Indermill v. United Sav., Inc.* (1982), 5 Ohio App.3d 243, 244, 5 OBR 530, 531–532, 451 N.E.2d 538, 539–540. However, in *Indermill,* the appellant had an opportunity to respond with a brief in opposition to the motion for summary judgment. Here, appellant did not have notice that appellees had been granted leave to file a motion for summary judgment; thus, he could not have known that the time within which he was required to respond had started to run. Therefore, appellant did not have the opportunity to object to inappropriate evidence under Civ.R. 56(C), which was relied upon by the trial court in granting summary judgment.

In summary, under these circumstances, the trial court erred in granting appellees' motions for summary judgment because (1) the trial court did not give fourteen days' notice of a hearing as required by Civ.R. 56(C),[4] and (2) appellant did not have notice that appellees had been granted leave to file a motion for summary judgment until the trial court granted the motion for summary judgment and, thus, they were not notified that they were required to respond to the motion other than to respond to the motion for leave to file a summary judgment motion. Appellant's first assignment of error is well taken on this basis, and appellant's other arguments under this assignment of error are moot because this matter will be remanded to give appellant notice of the date of the summary judgment hearing, thus providing appellant an opportunity to respond to appellees' motion by that date.

---

*Residential, Comm. & Indus. Dev. Co.* (Feb. 17, 1995), Trumbull App. No. 94–T–5093, unreported, at 7, 1995 WL 89972.

4. Nothing in this opinion should be construed to require a formal hearing with respect to a motion for summary judgment.

In the second assignment of error, appellant set forth three bases on which the trial court substantively erred in granting appellees' motion for summary judgment. Pursuant to our holding in the first assignment of error, appellant's second assignment of error is moot.

Because appellant's third and fourth assignments of error basically assert that the trial court committed error in overruling appellant's motion for attorney fees, we will treat them in a consolidated manner. As a preliminary matter, we must address the issue of whether the appeal from the judgment entry overruling appellant's motion for attorney fees stems from a final appealable order. Specifically, appellees assert that because appellant filed the motion for attorney fees after the entry of a final appealable order, i.e., the entry of summary judgment, the trial court did not have jurisdiction. Appellees' analysis on this issue is flawed because, as an appellate court, we have jurisdiction to determine whether the trial court had jurisdiction; thus, we need not dismiss appellant's appeal for lack of a final appealable order.

Thus, the issue becomes whether the trial court had jurisdiction to consider appellant's motion for attorney fees. "Generally, once a notice of appeal is filed, a trial court is divested of jurisdiction during the pendency of the appeal." *In re Estate of Radcliff–Umstead* (Sept. 16, 1994), Portage App. No. 93–P–0086, unreported, at 3, 1994 WL 587972. However, this rule is not absolute. In *Kane v. Ford Motor Co.* (1984), 17 Ohio App.3d 111, 116, 17 OBR 173, 178–179, 477 N.E.2d 662, 668, the court held:

"It is a well-recognized principle that once an appeal has been perfected, the trial court loses jurisdiction over the matter, pending the outcome of the appeal. This principle is limited to the extent that it is the area pertaining to the final order, judgment or decree sought to be reviewed which is divested from the trial court upon appeal. As to the remainder of the cause, the lower court retains all jurisdiction not inconsistent with that of the appellate court to review, affirm, modify or reverse a final order, judgment or decree from which the appeal has been perfected." (Citations omitted.)

In *Kane*, after an appeal was filed, the trial court entered judgment granting the appellant's motion to tax all costs against the defendant, including attorney fees. The court of appeals concluded that "[a]s the determination of such costs was not directly related to the area or issues on appeal * * *, the trial court's award of attorney fees to [the plaintiff], pending our determination of this matter, was not improper or without jurisdiction." *Id.*

Similarly, in the case at bar, the trial court ruled on a motion for attorney fees after a notice of appeal had been filed from the entry of a final judgment, here, the entry of summary judgment. Pursuant to the persuasive analysis of

*Kane,* the trial court had jurisdiction to consider the motion for attorney fees because the issues relating to that motion do not affect our ability to review the question of whether the trial court erred in granting appellees' motion for summary judgment. Therefore, the trial court had jurisdiction to consider appellant's motion for attorney fees.

■ Next, we must consider the substantive issue of whether the trial court erred by overruling appellant's motion for attorney fees. R.C. 5705.45, the statutory basis of appellant's complaint, does not expressly permit the recovery of attorney fees. The decision of whether to award attorney fees in a taxpayer action rests with the sound discretion of the trial court, and will not be disturbed on appeal in the absence of an abuse of discretion. See *Warren ex rel. Bluedorn v. Hicks* (1997), 124 Ohio App.3d 621, 629, 707 N.E.2d 15, 20.

■ Generally, under the American Rule, in the absence of statutory authorization, a party may not recover attorney fees as part of the cost of litigation. *Sorin v. Warrensville Hts. School Dist. Bd. of Edn.* (1976), 46 Ohio St.2d 177, 179, 75 O.O.2d 224, 225, 347 N.E.2d 527, 528–529. However, an exception to this rule exists when the suit has created, preserved, or enhanced a common fund in which others will share. *Smith v. Kroeger* (1941), 138 Ohio St. 508, 514–515, 21 O.O. 386, 388–389, 37 N.E.2d 45, 48; *Sutherland v. Nationwide Gen. Ins. Co.* (1995), 102 Ohio App.3d 297, 300, 657 N.E.2d 281, 282–283. In these cases, the payment of attorney fees is made from the fund itself. *Sutherland,* 102 Ohio App.3d at 301, 657 N.E.2d at 283–284. However, a party must prevail in the litigation in order to receive an award of attorney fees under the common-fund exception to the American Rule. *State ex rel. Grosser v. Boy* (1976), 46 Ohio St.2d 184, 185, 75 O.O.2d 228, 228–229, 347 N.E.2d 539, 540. See *Alyeska Pipeline Serv. Co. v. Wilderness Soc.* (1975), 421 U.S. 240, 247, 95 S.Ct. 1612, 1116–1617, 44 L.Ed.2d 141, 147–148; *Rocca v. Wilke* (1977), 53 Ohio App.2d 8, 17, 7 O.O.3d 12, 17–18, 371 N.E.2d 223, 228–229. Furthermore, even if a common fund is created, the fund must have been created through the efforts of the party seeking the recovery of attorney fees. See *Kroeger,* 138 Ohio St. at 514–515, 21 O.O. at 388–389, 37 N.E.2d at 47–48.

■ In the instant matter, appellant brought the taxpayer suit pursuant to R.C. 5705.45, which does not provide for the award of attorney fees. However, the General Assembly has explicitly chosen to provide for the recovery of attorney fees in a different type of taxpayer suit brought under R.C. 733.59. R.C. 733.61. Thus, the failure of the General Assembly to provide a similar provision relating to a taxpayer suit under R.C. 5705.45 reflects a legislative intent that attorney fees should not be awarded in taxpayer suits under that section. Therefore, under the American Rule, attorney fees are not appropriate.

■ Furthermore, reliance upon the common-fund theory for recovery of attorney fees is also misplaced in the case at bar. Initially, although we are remanding this case on the summary judgment issue, appellant has not prevailed on the merits of his taxpayer suit. Therefore, any award of attorney fees would be improper. Furthermore, any common fund that might have been created by the city's settlement with appellees is separate from the instant suit, and was not created as a direct result of this litigation. Thus, appellant cannot recover attorney fees under the common-fund approach. Accordingly, the trial court did not abuse its discretion in overruling appellant's motion for attorney fees. Appellant's third and fourth assignments of error are not well taken.

For the foregoing reasons, appellant's first assignment of error has merit, and the second assignment of error is moot. The third and fourth assignments of error are without merit. The judgment of the Lake County Court of Common Pleas is reversed, and this matter is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WILLIAM M. O'NEILL, J., concurs.

CHRISTLEY, J., dissents.

CHRISTLEY, Judge, dissenting.

I respectfully dissent from the conclusion of the majority in reference to the second issue in the first assignment of error. That issue concerns whether the trial court committed error by failing to set a hearing date or response date to the motion for summary judgment.

Despite the position of our respected colleagues in the Tenth District Court of Appeals, I agree with the contrary analysis of this issue set out by the Ninth District Court of Appeals in *Brown v. Akron Beacon Journal Publishing Co.* (1991), 81 Ohio App.3d 135, 610 N.E.2d 507. That court addressed the issue in terms of due process considerations. "Consistent with Loc.R. 7.14, the non-moving party is entitled simply to sufficient notice of the filing of the motion, Civ.R. 5, and an adequate opportunity to respond, Civ.R. 56(C)." *Id.* at 139, 610 N.E.2d at 510.

Loc.R. 7.14(a) of the Court of Common Pleas of Summit County, General Division, reads as follows:

" 'Within ten (10) days after receipt of a copy of a motion, opposing counsel shall prepare and file a reply to the motion setting forth statements relied upon

in opposition. Every motion so filed shall be deemed as submitted and shall be determined upon the written statements of reasons in support or opposition, as well as the citations of authorities. At any time after fourteen (14) days from the date of filing of the motion, the assigned judge may rule upon the motion.' " *Brown* at 138, 610 N.E.2d at 509.

The Ninth District Court of Appeals went on to indicate that it agreed that the Ohio Rules of Civil Procedure may not be circumvented through local rules. However, it found that Loc.R. 7.14 augments and does not thwart Civ.R. 56(C). It concluded:

"Properly viewed, Civ.R. 56(C) does not demand a formal hearing as a prerequisite to summary judgment. * * * Moreover, nothing in Civ.R. 56(C) requires the trial court to set a 'date certain' for the ruling and alert all parties that a decision is forthcoming." *Brown* at 139, 610 N.E.2d at 509–510.

This position is supported by the legal commentators, *i.e.*, 2 Klein & Darling Baldwin's Ohio Practice (1997) 569, Section AT 56–17. The analysis there is that when no hearing is scheduled, a terminal date can be determined by either the local rules or Civ.R. 56 itself:

"[I]n most cases no hearing of any kind is ever scheduled or held. In such a situation, there is no clearly fixed terminal date for the service and filing of the opposition package. Consequently, a terminal date must be determined by construction, either by (1) looking to the local rules of court for the answer date, or (2) looking to Rule 56 itself.

" * * * *

"Rule 56 envisions the defender having a given number of days, fourteen, to prepare his defense. Using this as a touchstone, the opposition package must be served and filed on the last day of that period. Thus, the defender has fourteen days from the date of service to serve and file the opposition package if the motion for summary judgment was personally served, and seventeen days if the motion was served by mail.

"Construction according to Rule 56 does not rule out the applicability of local rules of court." (Footnote omitted.) *Id.*

In accordance with the commentators, my experience is that any defendant who fails to respond before the fourteen-day period expires, with no hearing date being set, does so at his peril.

If a defender is unsure, uncertain, or unfamiliar with local rules, the receipt of a motion for summary judgment should at least trigger a response of some sort, such as a motion for an oral hearing, a request for a hearing date certain, or a continuance in compliance with Civ.R. 56.

In the instant matter, Loc.R. III(D)(3) of the Court of Common Pleas of Lake County, General Division, allows twenty days for a response, well in excess of Loc.R. 7.14 at issue in *Brown.* I believe that Loc.R. III(D)(3) is, therefore, in complete compliance with Civ.R. 56, per the authorities I have cited on this point. Therefore, for the reasons stated, I respectfully but vigorously dissent from the opinion of the majority.