OPINION
This is an appeal from a September 1999 summary judgment granted by the Portage County Court of Common Pleas. The record is laced with earlier proceedings reviewed by this court, being Case No. 98-P-0126. The genesis of the matter is a personal injury action brought by appellant, Laurie A. Davis, as a consequence of personal injuries sustained when she fell off of a swing at an apartment her father rented from appellee, Tell Realty. There remain no other parties defendant, and it to Tell Realty that summary judgment was granted.
Laurie Davis assigns three errors:
 "[1.] The trial court's grant of summary judgment to the premises owner in this negligence action on the basis that the premises owner, as a matter of law, did not have notice of the hazardous condition was improper.
 "[2.] The trial court's grant of summary judgment to the premises owner in this negligence action on the basis that the premises owner, as a matter of law, did not have notice of the hazardous condition was plain error and/or manifestly unjust and should be vacated.
 "[3.] The trial court's grant of summary judgment to the premises owner in this negligence action on the basis of res judicata was improper."
 The First Case
The original case was filed August 8, 1996, against Tell Realty and others. A motion for summary judgment filed by Tell Realty on April 30, 1998, was granted by the trial court on June 1, 1998. On September 2, 1998, appellant filed additional discovery, together with a Motion for Reconsideration and/or Civ.R. 60(B) motion for relief from the summary judgment. On September 8, 1998, appellant filed an amended complaint, with leave of court. The motion to reconsider and motion for relief from judgment was briefed by both parties.
On October 23, 1998, appellant voluntarily dismissed the case against all parties. On November 20, 1998, appellant filed her notice of appeal in this court as to the summary judgment granted in favor of Tell Realty. On that same day, appellant filed the same complaint, under a new case number, in the same court. (See the second case below.)
In April 1999, this court, with one judge dissenting, granted a motion to dismiss the appeal. The lynchpin of our ruling then was that the Civ.R. 41(A) dismissal had not been effective in disposing of all claims in the trial court and thus, the trial court's summary judgment in favor of Tell Realty was interlocutory, and the appeal premature. Davis v. TellRealty (Apr. 16, 1999), Portage App. No. 98-P-0126, unreported. On December 29, 1999, the claims against the other party defendant were settled and the case was dismissed as to Quality Industries, Inc. ("Quality") with prejudice.
On January 28, 2000, a new notice of appeal was filed as to the first case. That notice of appeal was timely.
 The Second Case
On November 20, 1998, the same complaint was field in the same court against the same defendants. This new case was commenced one month after the prior case was voluntarily dismissed and on the same day that the notice of appeal was filed in the first case.
On December 16, 1998, Tell Realty filed a motion to dismiss. Appellant filed a brief in opposition on December 31, 1998. (Quality filed a motion to dismiss on January 8, 1999). On February 5, 1999, the trial court converted the Motion to Dismiss to a Motion for Summary Judgment and issued appropriate notice. On September 15, 1999, the trial court granted summary judgment to Tell Realty. On December 29, 1999, a stipulation of settlement with prejudice of claims against Quality was filed.
On January 28, 2000, a notice of appeal was filed by appellant.
Thus, the instant appeal is directed to summary judgments in both cases.
 I.
The first assignment raises the issue of the propriety of summary judgment based on the claim of Tell Realty that the building operator did not have notice of the defect causing the swing to break.
As a threshold matter, appellant claims the summary judgment in the first case was granted in derrogation of Civ.R. 56 and contrary to our earlier holding in Laituri v. Nero (1999), 131 Ohio App.3d 797.
Appellee counters that Laituri is distinguishable in that here the proceedings only involved the summary judgment motion, and were not encumbered by a motion for leave to file an additional motion for summary judgment (of which the adverse party had no notice) as in Laituri. Further, the motion was not heard and granted for over a month after it was filed. Thus, it is clear that appellant had at least thirty days in which to respond to the motion for summary judgment. This was more than a sufficient period of time, yet appellant chose not to respond. We fail to see how appellant was prejudiced.
Tell Realty also claims that appellant is foreclosed from arguing the merits of the first summary judgment because the issue was presented and considered by the trial court in ruling upon appellant's motion for relief from judgment, Civ.R. 60(B). However, the transcript of the docket does not demonstrate that the court ever ruled upon this motion.
We conclude that procedurally the motion for summary judgment in the first case was properly heard and that, in this case, the rationale ofLaituri, supra, is inapplicable.
 The Merits of the Summary Judgment
Upon the merits of the original summary judgment, appellant correctly argues that evidence already before the court should have been reviewed by the court prior to granting affirmative summary relief, and if it had been, it would be clear that such relief should not be granted.
An appellate court reviews the granting of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Thus, the moving party may only prevail where: "(1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party."Id.
Actual or constructive notice of the defect or hazard is a precondition to a finding of breach of duty and imposition of liability of appellee to appellant. Shroades v. Rental Homes (1981), 68 Ohio St.2d 20. Thus, in construing a landlord's liability under the Ohio Revised Code, The Supreme Court of Ohio has imposed a notice requirement.
Moreover, general knowledge of the possibility of a defect does not rise to the level of either actual or constructive notice. WinstonProperties v. Sanders (1989), 57 Ohio App.3d 28, 29-30; Murphy v. BaurRealty, Inc. (Oct. 21, 1993), Cuyahoga App. No. 63756, unreported, 1993 WL 425353.
Courts have imposed the notice requirement set forth in Shroades even in cases where the tenants were not aware of the defective condition which caused the injury. Rice v. Reid (Apr. 23, 1992), Crawford App. No. 3-91-34, unreported, 1992 WL 81424; Harmon v. Schroeder (Dec. 17, 1986), Defiance App. No. 4-85-17, unreported, 1986 WL 14411; Harden v. Murphy
(Jan. 29, 1982), Lucas App. No. L-81-216, unreported, 1982 WL 6245.
In this case, there was no evidence before the trial court as to whether there was a defect in the swing chain or attachment, or whether the swing became unconnected; there is no evidence of how long the swing had been there, or how long it had been defective; or how the defect was caused; nor it there evidence that appellee, or its agents, knew or suspected any defect in the swing. Although appellant claims appellee created a hazardous condition, there is even a want of evidence on that claim.
As to a duty to inspect, there is no evidence that appellee failed to inspect or that an inspection would have disclosed any defect in the swing.
We are aware that this court, in a procedurally and factually similar case, has determined that a possessor of premises (a mall) has an affirmative duty to undertake reasonable inspections of concourse benches, and ensure that they do not constitute a danger to invitees.Ferguson v. Eastwood Mall, Inc. (Dec. 4, 1998), Trumbull App. No. 97-T-0215, unreported. In the present case, however, evidence of how the accident happened or that there was a dangerous condition at the time of the accident is wanting. In that respect, the evidentiary posture of this case is closer to that described in the dissent in Ferguson.
Appellant's claims that principles of res ipsa loquitur should apply, as a minimum, to supply an inference of negligence does not avail. That doctrine applies where the premises are under the exclusive control of the defendant, and the injury is such that it probably would not have occurred without the existence of negligence. It is clear to us that these premises were not under such exclusive control as to allow a resipsa loquitur inference.
Finally, Davis claims that principles of comparative negligence generate factual issues that are material and genuinely disputed, rendering summary judgment "far more inappropriate than they once may have been." However, issues of comparative negligence only become relevant if there is a threshold demonstration of negligent liability. As noted above, there is no such determination in the case sub judice.
Thus, we conclude that there is no genuinely disputed evidence contradicting the conclusion that appellee had no notice, either actual or constructive, of any defect in the swing. Burnworth v. Harper (1996),109 Ohio App.3d 401. The trial court did not err in granting summary judgment in the first case.
The first assignment of error is overruled.
 II.
Appellant argues that the trial court erred in overruling, subsilencio, her Civ.R. 60(B)(1) or (5) motion.
Upon examination of the record we find no such excusable neglect as would justify reversing the denial of relief from judgment.
Collaterally, we have examined the evidence submitted after the ruling on summary judgment and find that it fails to introduce evidence creating a genuine dispute concerning a material issue within the reach of Civ.R. 56.
The second assignment of error is overruled.
 III.
In the second case, the trial court ruled that the doctrine of resjudicata applied so as to bar recovery in his case. We have examined the well-reasoned and lengthy opinion and ruling of the trial court and find that it correctly states both the law and its application to the circumstances in the instant case.
The third assignment of error is overruled.
The summary judgment of the Portage County Common Pleas Court in Case No. 96 CV 0669 is affirmed.
The judgment of the Portage County Common Pleas Court in Case No. 98 CV 0943 is affirmed.
_____________________________________________ JUDGE JOHN R. MILLIGAN, Ret ., Fifth Appellate District, sitting by assignment.
O'NEILL, P.J., dissents, FORD, J., concurs.