OPINION
Appellant Steve Flory appeals the April 16, 2001 decision of the Hancock County Court of Common Pleas, granting summary judgment in favor of the appellee, The Ohio Bank, nka Sky Bank.
On August 17, 2000, a complaint was filed in the Common Pleas Court of Hancock County by The Ohio Bank, naming Le-Flor Enterprises, Ltd., dba Flag City Fitness (hereinafter "Le-Flor"), Kevin J. Lewis, and the appellant as defendants. The complaint alleged that defendant Le-Flor executed and delivered a promissory note to the appellee for $180,000.00, plus interest on May 1, 1997. In addition, the complaint alleged that both Appellant and defendant Lewis executed and delivered separate guaranties to Appellee to secure the note. The complaint next alleged that the note and both guaranties were in default, with the amount owed being $160,547.11, plus interest.
Initial service of the appellant failed, but appellant was eventually served on November 16, 2000, and filed his answer to the complaint on January 5, 2000, the trial court having granted his request for an extension of time with which to answer. Thereafter, the trial court issued a default judgment in favor of the appellee and against defendant Le-Flor and defendant Lewis on February 5, 2001. This judgment left only Appellant Flory as the defendant in the case. On April 16, 2001, at 9:42 a.m., the appellee filed a motion for summary judgment against the appellant, as well as an affidavit in support thereof.[1] On April 16, 2001, at 3:01 p.m., the trial court granted the appellee's motion and awarded the appellee $130,259.12. Apparently, in this five hours and nineteen minutes, the appellant did not file any opposition to the appellee's motion for summary judgment. This appeal followed, and Appellant now asserts two assignments of error with the trial court's April 16, 2001 judgment.
 The Trial Court erred as a matter of law and committed reversible error prejudicial to Defendant-Appellant by failing to schedule a hearing on the motion for summary judgment filed by Plaintiff-Appellee, as required by Civil Rule 56(C).
 The Trial Court erred as a matter of law and committed reversible error prejudicial to Defendant-Appellant by failing to forward to Defendant-Appellant adequate time to respond to the motion for summary judgment of the Plaintiff-Appellee.
 As Appellant's assignments of error relate to the issue of summary judgment, this Court will address them together.
The standard for review of a grant of summary judgment is one of de novo review. Lorain Nat'l Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. Thus, such a grant will be affirmed only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In addition, "summary judgment shall not be rendered unless it appears * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence construed most strongly in his favor." Id.
The moving party may make his motion for summary judgment in his favor "with or without supporting affidavits[.]" Civ.R. 56(B). However, "[a] party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." Mitseff v. Wheeler (1988),38 Ohio St.3d 112, syllabus. Summary judgment should be granted with caution, with a court construing all evidence and deciding any doubt in favor of the nonmovant. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356,360. Once the moving party demonstrates that he is entitled to summary judgment, the burden then shifts to the non-moving party to show why summary judgment in favor of the moving party should not be had. See Civ.R. 56(E). In fact, "[i]f the party does not so respond, summary judgment, if appropriate, shall be entered against him." Id.
Neither the Rules of Civil Procedure nor case law specify the amount of time that must be accorded to the non-moving party in responding to a motion for summary judgment. However, Civ.R. 56(C) states the following: "The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party prior to the day of hearing may serve and file opposing affidavits." Although this rule mentions a hearing in the context of summary judgment motions, various courts, including this one, have held that "Civ.R. 56(C) does not require an oral hearing on every motion for summary judgment." Smith v. Werner (March 6, 1986), Auglaize App. No. 2-84-17, unreported, 1986 WL 2982 (citingGates Mills Investment Co. v. Pepper Pike (1978), 59 Ohio App.2d 155) ; see also Potter v. City of Troy (1992), 78 Ohio App.3d 372, 378
(citations omitted); Brown v. Akron Beacon Journal Publishing Co. (1991), 81 Ohio App.3d 135, 138 (citations omitted).
Moreover, this Court and at least two other districts have held that while an oral hearing is not mandated, "notice of a date on or after which the motion will be considered" is necessary under Civ.R. 56(C).General Motors Acceptance Corp. v. Stratton (June 28, 1989), Highland App. No. 694, unreported, 1989 WL 74871, *2; see also Laituri v. Nero
(1999), 131 Ohio App.3d 797, 802; Wise v. Ohio Dept. of Rehab. Corr. (1992), 84 Ohio App.3d 11, 15; Smith, supra. The purpose of this being to put the non-moving party on notice of the deadline for presenting "the material enumerated in Civ.R. 56(C) to rebut the motion." Stratton,supra. In addition, "absent the fixing of a hearing date, no obligation would devolve on [the non-moving party] to serve and file opposing affidavits and * * * the trial court could not properly act upon the summary judgment motion." Smith, supra. Other courts have determined that a separate notice of filing deadlines need not be given by the trial court if there is a local rule in effect that provides the non-moving party with notice of the deadlines for filing a written response and any evidence in support of such a response to a motion for summary judgment. See Hall v. Klien (Sept. 3, 1999), Wood App. No. WD-99-001, unreported, 1999 WL 682584; Chestnut Ridge Dev. Co. v. The Ohio Bar Title Ins. Co. (Jan. 31, 1996), Lorain App. No. 95CA006129, unreported, 1996 WL 37755.
This Court reiterates that the non-moving party must be given notice of any deadline by which to file a written response to a motion for summary judgment. This notice may be provided by local rule. In the absence of any relevant local rule, the trial court must inform the non-moving party of the deadline for filing a written response to a motion for summary judgment.
In the case sub judice, there is not an applicable local rule, and the record does not reflect that the trial court informed the appellant of any filing deadline. More importantly, by granting the motion for summary judgment less than six hours after the motion was filed, the trial court did not give the appellant a meaningful opportunity to respond as Mitseff and Civ.R. 56(C) require. See also State, ex rel.Coulverson v. Ohio Adult Parole Auth. (1991), 62 Ohio St.3d 12, 14.
In these circumstances, the grant of summary judgment was inappropriate, and Appellant's assignments of error are sustained. The judgment of the Hancock County Court of Common Pleas is hereby reversed and remanded for further disposition in accordance with the foregoing opinion.
WALTERS, P.J., and HADLEY, J., concur.
[1] The certificate of service as to this motion states that a copy of the motion was sent to the appellant on April 11, 2001, via ordinary U.S. mail.