[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiffs-appellants Melissa and Kirk Birkenheuer sued defendant-appellee Black Decker (U.S.), Inc., for negligence under several theories of product liability. On the facts of this case it admittedly appears that the court's failure to notify the Birkenheuers when it would decide Black Decker's motion for summary judgment was a minor procedural defect. But we affirm our bright-line rule that such notice is required,[1] even where it appears that there is only a remote possibility that such notice will affect the outcome of the case.
The Birkenheuers alleged that some of Ms. Birkenheuer's hair had been torn out when it had become entangled in an electronic mixer manufactured by Black Decker. The trial court referred the case to arbitration, noting that the parties' identification of expert witnesses and discovery were to be completed prior to arbitration. Upon reviewing the evidence presented by the Birkenheuers and the testimony of Black Decker's expert witness, a three-person arbitration panel found for Black Decker. The Birkenheuers offered no expert of their own to support their claims that the mixer was unsafe.
The Birkenheuers appealed the arbitration panel's decision, restoring the case de novo to the trial court's docket.[2] Black Decker filed an affidavit from the same expert who had testified at the arbitration proceeding and moved the court for summary judgment. The Birkenheuers answered by requesting that the court deny the motion or, in the alternative, grant their motion in limine to permit them to introduce, on their behalf, Black Decker's expert witness's testimony from the arbitration, or to postpone a ruling so that they could obtain affidavits to oppose Black and Decker's motion.
The Birkenheuers subsequently filed, and the trial court accepted, the arbitration testimony of Black Decker's expert witness. But, apparently unimpressed by the positive impact of the expert witness's testimony on the plaintiff's case, the court granted summary judgment for Black 
Decker. The judgment was rendered without the court having set a date for a hearing or having provided the Birkenheuers with notice of the date the motion would be considered submitted for resolution.
The Birkenheuers now appeal. In their first assignment of error, they claim that the trial court's failure to notify them of the date upon which Black Decker's motion for summary judgment would be deemed submitted for resolution precluded them from offering affidavits that would have raised issues of material fact precluding summary judgment. The Birkenheuer's second assignment of error offers three additional and unrelated theories to bolster their argument that the court erroneously granted summary judgment. Because we sustain the Birkenheuer's first assignment of error, we do not address the second, multifaceted assignment of error.
Civ.R. 56(C) states in part that a "motion [for summary judgment] shall be served at least fourteen days before the time fixed for hearing. The adverse party prior to the day of hearing may serve and file opposing affidavits." We have previously reasoned that "[w]ithout such a date, the nonmoving party has no idea of when the submission of affidavits in opposition to the motion is required."[3] And because an oral hearing is not mandatory for every summary-judgment motion,[4] we have held that "if a hearing is not set, the trial court must inform the nonmoving party of the date that the motion for summary judgment will deemed submitted for resolution."[5] Here, the record reflects neither a date set for a hearing nor any other notice to the Birkenheuers.
Black Decker argues in effect that the Birkenheuers were not prejudiced despite the lack of notice. It calls our attention to the trial court's entry referring the case to arbitration, wherein the court required that the parties' identification of experts was to have been completed before arbitration, and to a subsequent case-management order indicating that discovery and expert identification had been completed. Further, Black Decker points out that in fact the Birkenheuers had three and a half months from the time that its motion for summary judgment had been submitted to present affidavits, far longer than the fourteen-day notice implicitly required by Civ.R. 56(C). And, during that time, the Birkenheuers answered Black Decker's motion, and the trial court even admitted Black Decker's own expert witness's arbitration testimony at the Birkenheuer's request.
While we agree with Black Decker that it is difficult to perceive what practical effect the trial court's omission may have had on the Birkenheuers, they were still entitled to notice. Thus we sustain the Birkenheuer's first assignment of error and reverse the summary judgment entered against them. Further, we instruct the trial court on remand to set a date for a hearing on Black Decker's motion for summary judgment or to notify the parties when the matter will be considered submitted for decision. Whichever option the court elects, the parties are entitled to fourteen days' notice.
Therefore, the judgment of the trial court is reversed, and this cause is remanded for further proceedings in accordance with law.
Further, a certified copy of this Judgment Entry shall constitute the mandate to be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Painter, JJ.
[1] See Manor Care Nursing and Rehab. Ctr. v. Thomas (1997),123 Ohio App.3d 481, 486, 704 N.E.2d 593, 595-596, citing Griffith v.Wackenhut Corp. (July 6, 1988), Hamilton App. No. C-870836, unreported;Ashworth v. Enon (Oct. 18, 1995), Clark App. No. 95 CA 43, unreported;General Motors Acceptance Corp. v. Stratton (June 28, 1989), Highland App. No. 694, unreported. See, also, Laituri v. Nero (1999),131 Ohio App.3d 797, 802-803, 723 N.E.2d 1119, 1123, citing Wise v. OhioDept. of Rehab. Corr. (1992), 84 Ohio App.3d 11, 15, 616 N.E.2d 251,254.
[2] See Loc.R. 24 (V) and (W) of the Hamilton County Court of Common Pleas.
[3] See Manor Care Nursing and Rehab. Ctr. v. Thomas (1997),123 Ohio App.3d 481, 486, 704 N.E.2d 593, 596.
[4] Id. at 486, 704 N.E.2d at 595, citing Gates Mills Investment Co.v. Pepper Pike (1978), 59 Ohio App.2d 155, 392 N.E.2d 1316; Griffith v.Wackenhut Corp. (July 6, 1988), Hamilton App. No. C-870836, unreported;Ashworth v. Enon (Oct. 18, 1995), Clark App. No. 95 CA 43, unreported.
[5] Id. at 486, 704 N.E.2d at 596, citing Griffith v. Wackenhut Corp. (July 6, 1988), Hamilton App. No. C-870836, unreported; Ashworth v. Enon
(Oct. 18, 1995), Clark App. No. 95 CA 43, unreported; General MotorsAcceptance Corp. v. Stratton (June 28, 1989), Highland App. No. 694, unreported.