OPINION
{¶ 1} This is a consolidated appeal of the Lake County Court of Common Pleas' grant of summary judgment in favor of appellees, the City of Mentor, Perram Electric, John Paranish, Jr., Major Waste Disposal, Inc., and JTO, Inc., and against appellant, Ann M. Milonzi.
 {¶ 2} On August 31, 1998, John Milonzi was killed in a traffic accident within the City of Mentor. Appellant, the decedent's wife, individually and as executrix of the decedent's estate, filed suit against appellees.[1] a pretrial, on December 21, 2000, the trial court gave appellees oral leave to file summary judgment motions, by January 19, 2001.
 {¶ 3} By January 19, 2001, all of the appellees, except JTO, Inc., had filed motions for summary judgment. On January 31, 2001, appellant filed pleadings entitled "Response to [appellees'] Motion for Summary Judgment." In these pleadings, appellant did not address the merits of appellees' motions. Instead, appellant moved the court for an oral hearing on the summary judgment motions and requested that the hearing not be scheduled until appellant had reasonable time to complete discovery. Appellant argued that, without additional time for discovery, she would not be able to completely and accurately respond to the motions.
 {¶ 4} On March 29, 2001, JTO, Inc. moved the court for leave to file a motion for summary judgment. The trial court granted leave and JTO filed its motion for summary judgment, on May 9, 2001.
 {¶ 5} On May 17, 2001, the trial court granted summary judgment to all of the appellants, except JTO. On May 31, 2001, the trial court granted JTO's motion for summary judgment.
 {¶ 6} Appellant appealed the judgments of the trial court, asserting the following assignment of error:
 {¶ 7} "[t]he trial court erred, to the prejudice of appellant, when it proceeded to grant summary judgment, in favor of appellees without establishing a hearing date, and providing notice of same to appellant."
 {¶ 8} Appellant argues that the trial court erred by failing to set a hearing date on which her responses to appellees' motions for summary judgment were due and by failing to give her notice of such a date.
 {¶ 9} In Laituri v. Nero (1998), 131 Ohio App.3d 797, this court held, upon similar facts, that "Civ.R. 56(C) implicitly requires setting a hearing date, either oral or non-oral, after which the trial court may rule on the motion for summary judgment." (Emphasis added.) Id. at 802. In reaching this conclusion, this court also found that Loc.R. III (D)(6) of the Court of Common Pleas of Lake County, General Division, which provides that motions for summary judgment may be considered upon the briefs alone, twenty days after their filing, was unenforceable to the extent that it purports to allow the court to issue a judgment on a motion for summary judgment without setting the motion for hearing and providing notice thereof at least fourteen days in advance. Id.
 {¶ 10} In Laituri, this court went on to conclude, "appellant was entitled to written notice stating the date on which his response to appellees' second motion for summary judgment was due. To the extent that the local rule contradicts this requirement, it is unenforceable." (Emphasis added.) Id. at 803.
 {¶ 11} It is undisputed that, in this case, the trial court did not provide appellant with written notice of a hearing, oral or non-oral, and did not provide her with written notice of the date on which her responses to appellees' motions for summary judgment were due. Accordingly, under the rule set forth in Laituri, supra, the trial court erred in granting appellees' motions for summary judgment because the trial court did not give fourteen days notice of a hearing as required by Civ.R. 56(C). We further note that appellant responded to appellees' motion for summary judgment by filing a motion requesting the trial court to set a hearing date which provided adequate time for her to complete discovery. Appellant argued that she had not had sufficient time to depose officers of JTO, Inc. and C.T. Consultants, Inc., who had recently been joined as defendants in appellant's suit. The trial court, however, never responded to her request.
 {¶ 12} Appelleess argue that Laituri is inapplicable in this case because it is factually distinguishable. Though we believe that the facts of this case are remarkably similar to the facts in Laituri, application of the Laituri holding does not depend upon factual distinctions. Our holding in Laituri is quite clear that Civ.R. 56(C) requires the court to set a hearing date, after which the court may rule on the motion for summary judgment. We also clearly held that the court must give the nonmoving party written notice, at least fourteen days prior to the hearing date. None of appellees' alleged factual distinctions prevents Laituri from being fully applicable in this case.
 {¶ 13} Appellants also argue that the Supreme Court of Ohio held, in State ex rel. Freeman v. Morris (1992), 65 Ohio St.3d 458, that written notice of the date set for hearing of a motion for summary judgment is not necessary. Freeman, however, is distinguishable from the case sub judice. In Freeman, the nonmoving party had filed his response to the merits of the motion for summary judgment before the date the court decided the motion. The nonmoving party thus suffered no prejudice. In the present case, appellant never responded to the merits of appellees' motions. Indeed, appellant moved the court to set a hearing date, which provided adequate time for her to complete discovery, which the court never ruled upon.
 {¶ 14} The city of Mentor argues that even if the trial court erred by failing to set a hearing date and provide appellant with fourteen days written notice, appellant was not prejudiced because the city's motion was properly granted on the merits. We hold, however, that the trial court erred in considering the merits of appellees' motions without setting a hearing date.
 {¶ 15} Appellant's assignment of error has merit.
 {¶ 16} Based on the foregoing, the judgment of the Lake County Court of Common Pleas is hereby reversed and all cases are remanded to give appellant notice of the date of the summary judgment hearings, providing appellant with a reasonable opportunity to complete discovery and an opportunity to respond to appellees' motions.
DONALD R. FORD, J., concurs.
JUDITH A. CHRISTLEY, J., concurs in judgment only with concurring opinion.
[1] C.T. Consultants, Inc. was also a defendant in appellant's suit. The trial court granted C.T. Consultants' motion for summary judgment on July 6, 2001. On November 19, 2001, this court dismissed C.T. Consultants as an appellee in this case because appellee had not filed a notice of appeal of the trial court's July 6, 2001 judgment.