{¶ 17} I respectfully concur in judgment only with the opinion of the majority. In reversing the judgment of the trial court, the majority relies on Laituri v. Nero (1999), 131 Ohio App.3d 797, in which this writer dissented on one of the issues in question here, to wit: the need for written notice from the trial court prior to deciding a motion for summary judgment. Although I still believe the analysis of my dissent is correct, I obviously would defer to the precedent established by the majority in Laituri. Having said that, however, I agree that the trial court's judgment should be reversed for reasons other than the lack of written notice relied upon by the majority.
 {¶ 18} In the instant matter, what the record shows is that appellant did respond to appellees' motions for summary judgment. In that response, appellant moved for an oral hearing and essentially requested a continuance for discovery. At oral argument before this court, it was suggested that sometime in December 2000, there was a status conference and that response dates for the various motions were set out. Unfortunately, that schedule was never reduced to writing and made an order of the court; thus, it was not of record. Had it been of record as a written order of the court, it would have complied with Laituri.
 {¶ 19} Instead, the record shows a timely response by appellant to the various motions for summary judgment filed by appellees. Although appellant's response did not address the merits of the motions, as I noted above, it did request an oral hearing and more time for discovery. The trial court, however, never ruled of record on appellant's requests. Furthermore, regardless of what occurred during the December 2000 status conference, there is no record thereof.[2] For that reason, appellant's assignment has merit, not because of Laituri, but because there was a timely, legitimate request for a hearing and a continuance that was never addressed of record by the trial court. Civ.R. 56(F). See, also, Humpreyv. Scottish Lion Ins. Co., LTD. (Mar. 15, 1996), 11th Dist No. 94-T-5099, 1996 WL 200567, at 10 (holding that "Civ.R. 56(F) provides that prior to ruling upon a summary judgment motion, a trial court `may' grant a continuance to allow the responding party to conduct discovery when it is apparent that the responding party is unable to properly respond.").
 {¶ 20} Thus, I respectfully, concur in judgment only.
[2] I note that the events of this status conference could have properly been made part of the record through an App.R. 9(C) statement.