JOURNAL ENTRY and OPINION
{¶ 1} After the city of Cleveland terminated plaintiff Katherine Brown, it informed her that she could appeal the termination either by grieving it through her union or by a civil service commission appeal. Brown apparently chose the civil service appeal. On the day of her appeal, the city informed her that the civil service commission had no jurisdiction over the matter in light of the grievance procedure set forth in the collective bargaining agreement between the city and her union. By that time, her right to file a grievance had expired, so Brown filed this action asking for reinstatement on grounds that the city misled her as to her right of appeal and should be estopped from denying her a civil service appeal. The court granted the city's motion for summary judgment on grounds that regardless of what the city erroneously told Brown about her right to a civil service appeal, the uncontested evidence showed that the union had informed Brown that she must file a grievance, but did not do so. Therefore, she could not complain that the city's misinformation somehow prejudiced her right to file a grievance.
 I {¶ 2} Civ.R. 56(C) permits the court to enter summary judgment when (1) no genuine issues as to any material fact remain to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come but to one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. When reviewing a motion for summary judgment, we are required to view the facts in a light most favorable to the non-moving party. Id.
 {¶ 3} Equitable estoppel invokes the equitable jurisdiction of the court in order to prevent "actual or constructive fraud and to promote the ends of justice." Ohio Bd. of Pharmacy v. Frantz (1990),51 Ohio St.3d 143, 145. Because matters of equitable estoppel necessarily invoke the court's discretion, we review the court's decisions relating to the doctrine of equitable estoppel for an abuse of discretion.Hoeppner v. Jess Howard Elec. Co. (2002), 150 Ohio App.3d 216, 225,2002-Ohio-6167.
 {¶ 4} To establish a prima facie entitlement to equitable estoppel, Brown must show (1) that the city made a false representation or concealment of a material fact; (2) that the city made the representation in a misleading manner with the intention or expectation that she would rely on it to act; (3) that she actually relied on the representation; and (4) that she relied so much to her detriment that unless the city is estopped from asserting the truth or a contrary position, she would suffer loss. Andres v. Perrsyburg (1988), 47 Ohio App.3d 51, 56.
 {¶ 5} The relevant facts are uncontested. The city conducted a disciplinary hearing after receiving reports that Brown, having seen a co-worker standing around on the job, intentionally backed up her truck and almost hit the co-worker. A union representative attended the hearing. On August 27, 2002, the city sent Brown a letter informing her that "you are hereby suspended pending discharge" for, among other things, offensive conduct toward fellow employees. The letter went on to inform her that "you may appeal this action through the grievance procedure set forth between the City of Cleveland and the City, County and Waste Paper Drivers Union, Local 244 or you may choose to appeal this action through the Civil Service Commission."
 {¶ 6} On September 18, 2002, the business agent for the City, County and Waste Paper Drivers Union, Local 244, wrote Brown reminding her that "during the last week of August" he had told her that if she desired to appeal her termination that "you must file a grievance through the grievance procedure" set forth in the collective bargaining. The letter went on to say that Brown had indicated to the business agent that she would file the grievance on September 2, 2002, but did not do so. The business agent informed Brown that the collective bargaining agreement gave her only 10 days from the date of termination to file a grievance, so as of September 28, 2002, she could no longer file a grievance.
 {¶ 7} On November 25, 2002, the day before Brown's scheduled civil service appeal, the city informed Brown that the terms of the collective bargaining agreement provided that the union grievance procedure would be the sole avenue for appealing her termination. The city cancelled the civil service appeal.
 {¶ 8} Under the circumstances, we cannot find that the court abused its discretion by finding that Brown did not show reasonable reliance on the city's representation that she could pursue an appeal with the civil service commission, and that this lack of reliance foreclosed an equitable estoppel. "The party claiming the estoppel must have relied on conduct of an adversary in such a manner as to change his position for the worse and that reliance must have been reasonable in that the party claiming estoppel did not know and could not have known that its adversary's conduct was misleading." Ohio Bd. of Pharmacy v. Frantz,51 Ohio St.3d at 145, citing Heckler v. Community Health Services
(1984), 467 U.S. 51, 59.
 {¶ 9} The evidence showed that Brown's union business agent indicated to her that "if you desired to appeal your termination that you must file a grievance throughout the grievance procedure in accordance with the contract between Teamsters Local 244 and the City of Cleveland." Rather than take the advice of her representative (Brown believed that the union "did nothing to protect and advise her") she relied on the representations of the city, her adversary in termination, to pursue a civil service appeal. The court did not abuse its discretion by concluding that Brown's reliance was unreasonable under these circumstances. Brown had a contractual right to representation, a right that the city could not override. And there is no question that Brown had been advised of that right and willingly chose to forego that right, even after having told the union that she would avail herself of the grivance procedure.
 {¶ 10} This is not to hold the city blameless. In particular, we take issue with the city's characterization of the misleading information of the right to appeal as a "typo," for it twice mentioned that right in the same document. Nonetheless, we find no evidence in the record to suggest that the city intended to mislead Brown.
 II {¶ 11} Even had Brown established reasonable reliance, we would find the court did not abuse its discretion because the relief sought by Brown — the civil service appeal — would be illegal.
 {¶ 12} Regardless of whether a party has made out a prima facie case of equitable estoppel, estoppel will not exist where the subject matter involved is ultra vires, illegal, or malum prohibitum. Whiteco Metrocom,Inc. v. City of Columbus (1994), 94 Ohio App.3d 185, 192. An agreement between a public employer and an exclusive bargaining representative governs the terms and conditions of employment, and if the agreement provides for final and binding arbitration of grievances, the parties are bound to that grievance procedure and the civil service commission has no jurisdiction to hear any appeal concerning the terms and conditions of employment. See R.C. 4117.10(A).
 {¶ 13} In the collective bargaining agreement, the union and the city agreed that "all decisions of arbitrators * * * shall be final, conclusive, and binding" upon the parties. The binding nature of the grievance procedure would, under R.C. 4117.10(A), preclude a party to the agreement from seeking review by the civil service commission. That being the case, Brown is not entitled to the application of the doctrine of equitable estoppel because any order requiring the city to conduct a civil service appeal would be tantamount to sanctioning an illegal act — giving the civil service commission jurisdiction when R.C. 4117.10(A) has plainly taken it away. It is a long-standing equitable maxim that "equity will not permit to be done indirectly what cannot be done directly."Hollister v. Dillon (1854), 4 Ohio St. 197, 208. The court did not abuse its discretion in equity by refusing to permit Brown to have a civil service appeal when such an appeal was plainly unavailable at law.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, JR., J., and Sweeney, J., concur.