NOT RECOMMENDED FOR PUBLICATION
File Name: 07a0531n.06
Filed: July 26, 2007

No. 06-4368

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

TWEE JONGE GEZELLEN, LTD.,

     Plaintiff-Appellant,

v.

OWENS-ILLINOIS, INC.;
OWENS-BROCKWAY GLASS CONTAINER,
INC.,

     Defendants-Appellees.

_____/

On Appeal from the United States
District Court for the Northern
District of Ohio

BEFORE:    RYAN, DAUGHTREY, and ROGERS, Circuit Judges.

     RYAN, Circuit Judge.     South African winery Twee Jonge Gezellen, Ltd., bought wine bottles from Consol Glass, but upon filling them with wine, Twee learned that an alleged flaw in the manufacturing of the bottles was ruining Twee's vintage. After a lengthy investigation, Twee concluded that Consol had improperly used Freon gas to treat the bottles. Twee sued Consol for damages in a South African court and lost. Twee then sued defendants Owens-Illinois, Inc., and Owens-Brockway Glass Container, Inc., (collectively Owens) in an Ohio federal district court for negligently advising Consol about the use of Freon gas in Consol's manufacturing process.

     We hold that the district court correctly found this action barred by Ohio's statute of limitations and we affirm the district court's grant of summary judgment for Owens. We

also find that the district court did not abuse its discretion when it denied a motion by Twee to amend its complaint to add additional plaintiffs.

**I.**

Since 1991, Twee has purchased bottles from South African glassmaker Consol Glass. In 1997, Twee discovered that the 1994 vintage of its sparkling wine failed to ferment properly in bottles supplied by Consol. Led by its majority shareholder, Nicolas Charles (Nicky) Krone, Twee started an investigation into the cause of the problem. The investigation soon focused on the Freon gas Consol used to reduce the alkali that forms on the inside of glass bottles. Using Freon for this purpose is common, but from 1994 to 1997 Consol used Freon 134a to treat the bottles instead of the more widely accepted Freon 152a. In the summer of 1998, Krone concluded that Consol's improper use of Freon 134a was the cause of Twee's problems.

Consol's decision to use Freon 134a can be traced back to the summer of 1993, when Owens chemist Robert Clark concluded, following an internal study, that glassmakers could substitute Freon 134a for the more expensive Freon 152a. Under a long-standing agreement with Owens whereby Owens would provide "Technical Information" to Consol, meet with Consol to explain that information, and consult and advise on the manufacture of glassware, Owens provided a copy of the study to Consol. According to Consol's Laboratory Services Manager, Consol researched applying Freon gas and determined that Freon 134a was a perfect substitute for Freon 152a, and cheaper. Consol began using Freon 134a in 1994 and applied it to the wine bottles supplied to Twee.

Twee's investigation of the cause of its damaged vintage lasted from 1997 to 1999. During that time, Krone spoke with Consol and Owens representatives, from whom he learned that Owens recommended that Consol use Freon, supplied Freon 134a to Consol, owned 19% of Consol's stock, and together with Consol, investigated and researched Krone's complaints about the bottles. Krone was told, albeit erroneously, that Owens originally used Freon 134a and had continued to use it for close to 30 years.

In October 1999, Consol sued Twee and Krone, Twee's majority shareholder, in a South African court for failure to pay for bottles Consol had delivered. Twee counterclaimed for damages to its 1994 vintage alleging Consol's misuse of Freon gas. On February 21, 2002, as part of discovery in the South African case, Consol produced a "bundle" of documents, from which Twee claims it learned for the first time that Owens's test use of Freon 134a was cursory at best; that Consol and Owens discussed at length using Freon 134a instead of Freon 152a; that Owens advised Consol to begin using Freon 134a even though Owens itself used only Freon 152a; and that Consol admitted that its bottling problems were caused by its choice of Freon. After a trial, the South African court held, with respect to Twee's counterclaim, that Consol manufactured the bottles in accordance with its standard procedures and had not breached any contract or warranties. In November 2003, the Supreme Court of Appeal of South Africa affirmed.

Two months later, on January 22, 2004, Owens and Twee entered an agreement tolling any statute of limitations otherwise applicable to any action Twee might have against Owens, but preserving any statute of limitations defense existing as of the date of the agreement. On June 7, 2004, Twee filed suit against Owens in federal district court

alleging that Owens negligently advised Consol about the suitability of using Freon gas in bottles being manufactured for Twee.  More than a year later, Twee moved to add Nicky Krone and his brother, Twee minority shareholder Nicolas Charles (N.C.) Krone, as plaintiffs, claiming that the vineyard owned by the brothers had diminished in value as a result of Owens's negligence.  Owens opposed this motion and moved for summary judgment.

In separate opinions, the district court denied Twee's motion and granted Owens's. First, the court rejected Twee's motion for leave to amend because Twee's failure to include the Krones was not "an understandable mistake," see Fed. R. Civ. P. 17 advisory committee's notes, and Owens would be prejudiced by adding the diminution of land value claim to the negligence suit.  The court also found that amending the complaint would be futile because any diminution of land value claim was time barred.  Second, the court granted summary judgment for Owens because the statute of limitations had run on Twee's negligence claim.  The court found that by 1998 Nicky Krone had enough information about Owens's role in the defective bottle problem that any cause of action against Owens had accrued, and that the two-year statute of limitations period had begun to run.  Twee now appeals both decisions.

## II.

We review a summary judgment decision de novo, using the same standards applied by the district court.  Thomas v. Cohen, 453 F.3d 657, 660 (6th Cir. 2006).  For cases where summary judgment is sought on statute of limitations grounds, this court "must determine whether (1) the statute of limitations has run and (2) whether there exists

a genuine issue of material fact as to when the plaintiff's cause of action accrued." Campbell v. Grand Trunk W. R.R. Co., 238 F.3d 772, 775 (6th Cir. 2001); see also Fed. R. Civ. P. 56(c). If the defendant carries the burden of showing that the statute of limitations has run, then the plaintiff has the burden of establishing an exception to the statute of limitations, such as a tolling of the statute, late discovery of the injury, or the like. Campbell, 238 F.3d at 775 (citing Drazan v. United States, 762 F.2d 56, 60 (7th Cir. 1985)). In determining whether any genuine issues of material fact exist about accrual of a cause of action, "'we must view the factual evidence and draw all reasonable inferences in favor of the non-moving party.'" Thomas, 453 F.3d at 660 (citation omitted).

### III.

The parties agree that under Ohio law, Twee's negligence claim is subject to a two-year statute of limitations running from "when the injury or loss to person or property occur[red]," that is, when Twee's claim accrued. Ohio Rev. Code § 2305.10(A). They also agree that Ohio's discovery rule applies to Twee's claim and that the two-year limitations period did not begin to run until Twee discovered or should have discovered: (1) its injury; and (2) that its injury was the result of Owens's wrongful conduct. See Norgard v. Brush Wellman, Inc., 766 N.E.2d 977, 979 (Ohio 2002). Since Twee and Owens agreed that the statute of limitations period would be tolled on January 22, 2004, the key issue is whether, under Ohio's discovery rule, Twee's cause of action accrued and the limitations period began to run before January 22, 2002. Because it did, Twee's cause of action is barred.

As to the first prong of Ohio's discovery rule, it appears that Twee learned of its injury in 1997 when its wine in Consol's bottles failed to ferment properly, and so our focus

shifts to the second prong of the rule, the time at which Twee had sufficient information to conclude that a cause of its injury is the "wrongful conduct of the defendant." See id. It is at that point that the statute of limitations begins to run. Using this guidance, one Ohio court held that where a plaintiff knew that the foundation of her six-year-old house had been damaged, "it should have been apparent to any reasonable person that the builder . . . and anyone responsible for inspecting the builder's work . . . were responsible for the damage." Fifth Third Bank v. Cope, 835 N.E.2d 779, 791 (Ohio Ct. App. 2005). The court thereby found that the limitations period began to run at the discovery of her injury. Id.

By the summer of 1998, Nicky Krone concluded that Consol's misuse of Freon 134a probably caused Twee's wine fermentation problems. By 1999, he learned that Owens recommended that Consol use Freon, provided Freon 134a to Consol, had a business relationship with Consol, and, together with Consol, had researched his complaints about the bottles. Based on these facts, Krone, and therefore Twee, had enough information reasonably to suspect that Owens's wrongful conduct was a cause of Twee's injury. The district court concluded that the statute of limitations started to run in 1998, but even if it did not begin to run then, it certainly began to run by 1999, and so, at the latest, it expired in 2001. Twee's agreement to toll the limitations period in 2004 falls outside this period, which means that Twee's negligence claim is time-barred.

Twee protests that it first learned of Owens's wrongful conduct in February 2002 when it received a "bundle" of documents in discovery. Citing Norgard, Twee argues that without the knowledge it gained from this "bundle" of documents, the statute of limitations period did not begin to run because until that time Twee could not know of any wrongful

conduct by Owens. But under Norgard, the discovery rule tolls the statute of limitations only until a plaintiff has an "indication of wrongful conduct of the defendant." 766 N.E.2d at 979 (emphasis added). Here, Twee knew of its injury, knew that Freon 134a caused the injury, and knew that Owens had significant influence in Consol's decision to use Freon 134a, well before the "bundle" of documents was produced. While Twee did not know the exact nature of Owens's wrongdoing, it knew "of an injury and the cause of the injury," and could have used the next two years under the limitations period to investigate Owens's involvement. See id. at 981.

Twee also argues that (1) the question of when it had constructive notice of Owens's role is a question of fact for a jury, and (2) Owens should be estopped from asserting a statute of limitations defense because it misrepresented facts. We find both these arguments unpersuasive. While the question of whether a plaintiff had constructive notice is generally an issue of fact to be determined by a jury, when a court is considering a summary judgment motion, it may determine when a plaintiff had notice, providing "the movant can show that no issues of material fact exist." Charash v. Oberlin College, 14 F.3d 291, 300 (6th Cir. 1994). That is precisely the case here: we have not relied on any disputed material facts in reaching our decision that Twee had an "indication of wrongful conduct [by Owens]" as early as 1999. See Norgard, 766 N.E.2d at 979.

Nevertheless, Owens would be estopped from asserting a statute of limitations defense if Twee can show: (1) a factual misrepresentation by Owens; (2) that the misrepresentation is misleading; (3) that the misrepresentation induced actual reasonable reliance taken in good faith; and (4) that this reliance was detrimental to the plaintiff.

Hoeppner v. Jess Howard Elec. Co., 780 N.E.2d 290, 297 (Ohio Ct. App. 2002). The misrepresentation also must have been "'calculated to induce a plaintiff to forgo the right to sue.'" Id. (citation omitted). While Twee has shown a factual misrepresentation that is misleading, in that one Owens scientist incorrectly or falsely told Nicky Krone that Owens originally used Freon 134a and continued to use it for close to 30 years, Twee has not shown that it actually reasonably relied upon this statement in its decision to delay bringing suit. We think the district court's rejection of the equitable estoppel argument was correct.

## IV.

The other issue before us is the district court's denial of Twee's motion for leave to amend its complaint to add the Krone brothers as plaintiffs. The district court rejected that request on three grounds: (1) the amendment was unduly late and the plaintiff's failure to include the Krones as plaintiffs was not "an understandable mistake" under Fed. R. Civ. P. 15 and 17; (2) the defendants would suffer prejudice by the additional plaintiffs adding a diminution of land value claim to the earlier-pleaded negligence suit; and, in all events, (3) the diminution of land value claim was time-barred. This court reviews the first two grounds for an abuse of discretion and the third ground de novo. See Leary v. Daeschner, 349 F.3d 888, 904 (6th Cir. 2003). We agree with each of the district court's stated reasons for denying the motion to amend.

## V.

The district court's grant of summary judgment for the defendants and denial of the plaintiff's motion for leave to amend are **AFFIRMED**.